UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WILLIE LEE PARTEE,

        Plaintiff,             Case No. 1:21-cv-961

v.                                    Honorable Phillip J. Green

ADMINISTRATIVE CIVIL LAW
PAROLE REVOCATION HEARING
COMMITTEE,

        Defendant.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

This is a mandamus petition brought by a state prisoner under 28 U.S.C. § 1651 and/or § 1361. By way of his petition, Plaintiff presents a stream of consciousness challenge to the revocation of his parole. He asks the Court to order the Michigan Department of Corrections to "re-parole" him. (Pet., ECF No. 1, PageID.6.) Petitioner has consented to the conduct of all proceedings in this case, including entry of final judgment and all post-judgment matters, by a United States Magistrate Judge. (ECF No. 6.)

The petition presents the same issues that Plaintiff has previously put before the Court in *Partee v. Unknown Part(y)(ies)*, No. 1:21-cv-133 (W.D. Mich.); *Partee v. Mich. Dep't of Corr. et al.*, No. 1:21-cv-184 (W.D. Mich.); *Partee v. Mich. Dep't of Corr.*, No. 1:21-cv-395 (W.D. Mich.); and *Partee v. Macauley*, No. 1:21-cv-767 (W.D. Mich.).

The first three of Plaintiff's prior suits were mandamus petitions. The first two of those were dismissed for want of prosecution because Plaintiff failed to pay the filing fee after being denied leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g). The third was dismissed as duplicative of the first two and, therefore, frivolous. The fourth suit was presented as a habeas petition. That action was dismissed for failure to exhaust state court remedies.

Plaintiff has filed partial account statements demonstrating that he has no funds to pay the filing fee for the present action and, further, asking the Court to grant Plaintiff relief from the significant debt he has accumulated for filing fees incurred in previous filings. (ECF Nos. 2, 5.) A petition for writ of mandamus is a civil action filed by a prisoner seeking redress from a governmental officer. *See Green v. Nottingham*, 90 F.3d 415, 417–18 (6th Cir. 1996). As such, the petition is subject to all the provisions of 28 U.S.C. §§ 1915 and 1915A, including the limits of § 1915(g).

The Court construes Plaintiff's request for relief from filing fees previously incurred as a request for leave to proceed without paying such fees in the present case as well. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] This fee must be paid within twenty-eight days of this opinion and

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-

2

accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners—many of which are meritless—and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

---

schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *Id.*

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the United States District Court for the Eastern District of Michigan entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Partee v. John Doe*, Case No. 2:96-cv-73376 (E.D. Mich. Dec. 17, 1996); *Partee v. Jabe et al.*, Case No. 2:96-cv-70659 (E.D. Mich. Mar. 1, 1996); *Partee v. Jabe*, Case No. 5:92-cv-60413 (E.D. Mich. Dec. 7, 1992). Moreover, Plaintiff's third mandamus petition this year, *Partee v. Mich. Dep't of Corr.*,

4

No. 1:21-cv-395 (W.D. Mich.), was also dismissed as frivolous. Although two of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604.

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). Plaintiff does not allege facts showing that he is in imminent danger of serious physical injury.

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $402.00. When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.


Dated: December 17, 2021          /s/ Phillip J. Green
                                  PHILLIP J. GREEN
                                  United States Magistrate Judge


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503
**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**